PAUL B. SNYDER
United States Bankruptcy Judge
1717 Pacific Ave, Suite 2209
Tacoma, WA 98402

✓ FILED
___ LODGED
___ RECEIVED

**March 21, 2007**

MARK L. HATCHER
CLERK U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
_____DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

In re:

MICHAEL L. CANTON,

               Debtor.

Case No. 05-47803

**MEMORANDUM DECISION**

**NOT FOR PUBLICATION**

This matter came for hearing on March 6, 2007, on the Chapter 7 Trustee's (Trustee) Motion to Sell and Compromise Claim Pursuant to 11 U.S.C. 363(f) and Bankruptcy Rule 91019, regarding all legal claims that Michael Canton (Debtor) and the Debtor's marital community have against Jeffery L. Miller Architect, P.C., James Frank Construction, Inc., and other persons that arise out of or relate to the transactions, occurrences, facts or events alleged in <u>Greg Atkeson v. James Frank Construction, Inc., et. al.</u>, case no. 05-2-05766, Clark County Superior Court (State Court Lawsuit). The Trustee has accepted the bid of Greg Atkeson (Atkeson) for $121,000 cash, subject to Court approval. The Debtor has consented to the sale. Jeffery L. Miller Architect, P.C., a bidder in the sale, has filed a Notice of Discontinuance of Further Appearances Regarding the Trustee's Motion. James Frank

MEMORANDUM DECISION - 1

Construction, Inc., (James Frank), a non-creditor and unsuccessful bidder, has filed the only objection to the Trustee's Motion.

The initial issue before the Court is whether James Frank, a non-creditor, has standing to object to the sale. James Frank indicates that 11 U.S.C. § 1109(b), which addresses a party in interest's right to be heard in a Chapter 11 case, constitutes grounds to object to the sale. James Frank, however, does not provide authority holding that this statute applies in Chapter 7 cases, but rather concedes that this statute is only "instructive" outside Chapter 11. See In re Lewis, 273 B.R. 739, 743 (Bankr. N.D. Ga. 2001) (the bankruptcy court recognized that 11 U.S.C. § 1109(b) is confined to Chapter 11 but can provide guidance in Chapter 7). Even if this statute applies, § 1109(b) remains subject to generally applicable principles of standing. See 7 L. King, Collier on Bankruptcy ¶1109.01[3], p. 1109-6, ¶1109.04[4], p. 1109-39 (15th ed. rev. 2006). Thus, James Frank must establish standing independent of § 1109(b).

In the bankruptcy context, the Ninth Circuit has adopted an additional requirement for establishing standing: "[t]he appellant must be a 'person aggrieved' by the bankruptcy court's order." Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc.), 177 F.3d 774, 777 (9th Cir. 1999). This standing requirement, however, appears to apply only in determining whether a person has standing to appeal a bankruptcy court's order. In this case, the Court is concerned only with standing at the bankruptcy court level and under the facts of this case.

"There are numerous authorities which hold that a non-creditor, whose only connection with a bankruptcy case is that the party was an unsuccessful bidder at a bankruptcy sale, lacks standing to challenge the right of other bidders to consummate the sale." In re Gulf States Steel, Inc. of Alabama, 285 B.R. 739, 742 (Bankr. N.D. Ala. 2002) (citing several circuit

MEMORANDUM DECISION - 2

court cases recognizing that a competing bidder generally lacks standing to challenge a sale). Courts have observed that bidders are not within the "'zone of interests intended to be protected'" under bankruptcy law. In re Gulf States Steel, 285 B.R. at 742 (quoting In re HST Gathering Co., 125 B.R. 466, 468 (Bankr. W.D. Tex. 1991)).

This rule, however, is not absolute. "'[W]hen an unsuccessful bidder attacks a bankruptcy sale on equitable grounds related to the intrinsic structure of the sale, he brings himself within the zone of interests which the Bankruptcy Act seeks to protect and to regulate.'" The Wine Group v. Diamante (In re Hat), 310 B.R. 752, 758 (Bankr. E.D. Cal. 2004) (quoting Kabro Assocs. v. Colony Hill Assocs. (In re Colony Hill Assocs.), 111 F.3d 269, 274 (2nd Cir. 1997)). Thus, an "unsuccessful bidder is 'aggrieved' if 'the sale was either fraudulent or unfair' and property was sold for an improperly low price." In re Colony Hill, 111 F.3d at 274 (quoting Zaccaro v. Bowery Savs. Bank (In re Jewel Terrace Corp.), 10 B.R. 1008, 1012 (Bankr. E.D. N.Y. 1981)). An unsuccessful bidder, however, must present "'some evidence of fraud, deceit, mistake of fact or other inequitable overreaching.'" In re Colony Hill, 111 F.3d at 274 (quoting In re REA Holding Corp., 447 F. Supp. 167, 169 (S.D.N.Y. 1978)).

In this case, James Frank makes broad assertions of procedural irregularities in the Trustee's auction, including fraud and collusion, but provides no evidence supporting these assertions. Without even a minimal showing, the Court concludes that further review of any alleged irregularities is not warranted and that James Frank has not established standing.

Notwithstanding the above, even if the Court were to find irregularities so as to confer standing on James Frank for purposes of challenging the Trustee sale, the Court would still confirm the sale based on its obligation to take into consideration the following three factors: (1) integrity of the trustee's sale; (2) the 11 U.S.C.§ 363(i) rights (related to a co-owner of

MEMORANDUM DECISION - 3

property); and (3) the preservation of the best interests of the estate. In re Fehl, 19 B.R. 310, 311-312 (Bankr. N.D. Cal. 1982).

First, regarding the integrity of the Trustee sale (auction), the evidence establishes that notice of the auction and terms of the auction were served on all parties of interest, those requesting special notices, and the State Court Lawsuit litigants, in accordance with Fed. R. Bankr. P. 2002(a), 6004(a), and 9019(a). James Frank does not allege to the contrary. As the Trustee provides, the objecting parties in this case—each represented by legal counsel—participated in each of the court hearings in this case, briefed issues related to the Trustee's motion and notices for the past several months, and fully participated in the auction. There is no evidence to suggest that the procedure leading up to and during the auction was irregular.

Moreover, there is no evidence to support James Frank's allegation that the Trustee acted in collusion with Atkeson, or in any way fraudulently, during the bidding process. When directly asked to provide evidence in support of such allegations, James Frank was unable, or unwilling, to do so. In contrast, the Trustee represented to the Court that he conducted his duties consistent with the applicable statute and case law in order to secure the best outcome for the creditors. The Court does not conclude otherwise.

Additionally, contrary to James Frank's assertion, there is no evidence that the Trustee failed to assess the validity of Atkeson's $1.5 million proof of claim. Rather, the Trustee's affidavit specifically states that prior to the auction, the Trustee reviewed submissions of the bidding parties regarding the validity of Atkeson's proof of claim. The Trustee determined that that there existed a basis both for the claim and for an objection to the claim; thus, extensive litigation ultimately would be necessary to resolve the claim's validity. There is no evidence to the contrary.

MEMORANDUM DECISION - 4

James Frank also appears to allege irregularity because the successful bid contains a provision allowing Atkeson to voluntarily withdraw his $1.5 million proof of claim without any res judicata or other binding effect on it, here or in state court. James Frank relies on Quincy Mall, Inc. v. Parisian, Inc. 27 Fed. Appx. 631 (7th Cir. 2001), to support the proposition that voluntary withdrawal of a proof of claim acts as a judgment on the merits. James Frank's reliance on this case is misplaced. First, Quincy Mall is unpublished opinion, and prior to Fed. R. App. P. 32, which permits citation to unpublished cases issued on or after January 1, 2007, this Court is unaware of any authority for a party to cite to an unpublished decision in this circuit. Second, in Quincy Mall, the bankruptcy court ruled that the claimant would be permitted to withdraw its claim only if it agreed to have the claim treated as though it had been fully adjudicated on the merits. Quincy Mall, 27 Fed. Appx. at 636 n.8. There is nothing in this case, or any published case that the Court could find, holding that the voluntary withdrawal of a proof of claim acts as a judgment on the merits. Consequently, because there is no legal authority granting res judicata effect to Atkeson's proof of claim, there is nothing irregular about including this provision in the Trustee's Proposed Order Allowing Trustee to Sell and Compromise Claim Pursuant to 11 U.S.C. 363(f) and Bankruptcy 9019 (Proposed Order).

The second Fehl factor would not apply and will not be considered by the Court. See In re Alves, 52 B.R. 353, 355 (Bankr. D. R.I. 1985) (where in a § 363 sale without a co-owner, the court adopted two of the three Fehl factors in determining whether to approve a trustee's proposed sale of property of the estate).

Regarding the third Fehl factor—preservation of the best interests of the estate—the Trustee's affidavit supports the conclusion that the creditors are best served by the Trustee's

MEMORANDUM DECISION - 5

decision. "The court's obligation in § 363(b) sales is to assure that optimal value is realized by the estate under the circumstances." Simantob v. Claims Prosecutor, LLC (In re Lahijani), 325 B.R. 282, 288 (9th Cir. BAP 2005). The claims in this case total $101,000, excluding Atkeson's claim of $1.5 million. The accepted bid of $121,000 cash will likely pay 100% of all the claims as well as all administrative expense claims. It will eliminate any need for claim litigation and consequently allow creditors to be paid sooner than if claim litigation, and subsequent appeals, proceeded in the federal courts. In addition, the Trustee determined that Atkeson's bid was superior because the competing bid contains a clause that would require the Trustee to abandon his fiduciary duties: upon litigation of Atkeson's claim, the Trustee would be prohibited from seeking resolution of the claim, even if in the creditors' best interest. For the reasons set forth above, the sale to Atkeson is approved.

James Frank also objects to the Trustee's Proposed Order. James Frank first objects to paragraph five of the Trustee's Proposed Order, which grants Atkeson retroactive relief from automatic stay to continue the State Court Lawsuit and to allow the assignments of claims and causes of actions from the Debtor and Megan Canton to Atkeson. This objection appears to be based on James Frank's allegations of collusion and fraud. The Court has already considered and rejected these unsubstantiated allegations. 11 U.S.C. § 362 "gives the bankruptcy court wide latitude in crafting relief from the automatic stay, including the power to grant retroactive relief from the stay." Schwartz v. United States (In re Schwartz), 954 F.2d 569, 572 (9th Cir. 1992). Nonetheless, retroactive annulment should be "applied only in extreme circumstances." Phoenix Bond & Indem. Co. v. Shamblin (In re Shamblin), 890 F.2d 123, 126 (9th Cir. 1989).

MEMORANDUM DECISION - 6

Based on the "Terms of Best Bid" as set forth in the Trustee's Motion to Sell and Compromise, the sale and compromise are still effective even if the Court does not grant the requested retroactive relief. The Court declines to address retroactive relief from stay at this time, as it does not appear that this requested relief was property noticed. The Court will address this issue only if and when Atkeson moves for such relief, which may be done on shortened time.

James Frank also objects to paragraph four of the Trustee's Proposed Order, which allows Atkeson to withdraw his $1.5 million proof of claim without any res judicata, collateral estoppel, or former adjudication effect. The Court has already considered and rejected this objection in its analysis of the integrity of the sale.

There has been no objection to the Trustee's Motion to Compromise Claim. Nonetheless, the Court has applied the appropriate review of the compromise of the Debtor's potential claim against Jeffery L. Miller Architect, P.C. and James Frank, and concludes that the bid for $121,000 cash is fair and equitable. See Woodson v. Fireman's Fund Ins. Co. (In re Woodson), 839 F.2d 610, 620 (9th Cir. 1988) (where court sets forth four factors a court must consider in passing on a proposed compromise).

There has been no objection to the Trustee's Motion to Shorten Time, and it is hereby granted. The Trustee's Motion to Sell and Compromise Claim is also hereby granted.

DATED: March 21, 2007

*Paul B. Snyder*
_____
Paul B. Snyder
U.S. Bankruptcy Judge

MEMORANDUM DECISION - 7